**UNITED STATES of America, Plaintiff—Appellee,**

v.

**German ORTIZ, Defendant—Appellant.**

**No. 01–50277.**

**D.C. No. CR–00–00150–AHS.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2002.*

Decided Jan. 28, 2003.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM**

German Ortiz pleaded guilty to one count of being an illegal alien in possession

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of a firearm, in violation of 18 U.S.C. § 922(g)(5). In his plea agreement, Ortiz reserved his right to appeal the denial of his motion to suppress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz's counsel admitted at the suppression hearing that Ortiz had consented to the search on June 28, 2000, but argued that the consent was limited to searching for Edgar Basurto. We review for clear error the trial court's findings about the scope of a suspect's consent to search, asking what the typical reasonable person would have understood from the exchange between the officers and the suspect. *United States v. Cannon,* 29 F.3d 472, 477 (9th Cir.1994).

The officers asked if they could come in and look for Basurto, and Ortiz and his wife Patricia Berrelleza consented. Berrelleza also got the keys and opened the bedroom closet for the officers. The district court did not clearly err in concluding that the closet was within the scope of the search, as a reasonable person would have understood that the search of a closet large enough to hold a fugitive was within the scope of a search for Basurto.

Because the June 28 search was not illegal, it did not taint the consent search on July 3, 2002.

AFFIRMED.